Atty. Gen., Leigh B. Hanes, Jr., U. S. Atty., and Kathryn H. Baldwin, Atty., U. S. Dept. of Justice, on brief), for appellant.

Donald E. Earls and Carl E. McAfee, Norton, Va. (Cline, McAfee, Adkins & Gillenwater, Norton, Va., on brief), for appellee.

PER CURIAM:

Before BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

Asserting that his action in terminating appellee George H. Eldridge's medical disability payments, in July 1972, without a prior *oral* evidentiary hearing, was proper under the Social Security Administration's regulations, the Secretary of Health, Education and Welfare now appeals the District Court's injunction of the termination.[1]

The point in this case is whether the procedure prescribed in the regulations[2] —textually followed by the Secretary— afforded the recipient Constitutional due process in allowing his disability payments to be terminated without such an ore tenus hearing as is projected in Goldberg v. Kelly, 397 U.S. 254, 264, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). On the District Judge's opinion, we affirm. Eldridge v. Weinberger, 361 F.Supp. 520 (W.D.Va. 1973).

Affirmed.

1. 42 U.S.C. § 405(a); 20 C.F.R. § 404.1 et seq.

2. Disability Insurance State Manual, as revised February 25, 1972; and Claims Manual of the Social Security Administration.

\* Judges Ely and Hufstedler disagree with the holding of *Daigle* in that both believe that, absent emergency circumstances, the due process clause requires the appointment of counsel or a counsel substitute in all summary courts martial, without the limitations placed upon

Daniel Edward **HENRY**, etc., et al., Individually and on behalf of all persons similarly situated, et al., Intervenors, Plaintiffs-Appellees,

v.

Honorable John E. **WARNER**, Individually and in his capacity as Secretary of the Navy, et al., Defendants-Appellants.

No. 73-1694.

United States Court of Appeals, Ninth Circuit.

March 27, 1974.

Joel Levine, Asst. U. S. Atty. (argued), John E. Nordin, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Los Angeles, Cal., for defendants-appellants.

Nathan R. Zahm (argued), Sherman Oaks, Cal., A. L. Wirin, Fred Okrand, Laurence R. Sperber, Los Angeles, Cal., for plaintiffs-appellees.

Before ELY, HUFSTEDLER and TRASK, Circuit Judges.

ORDER

Under the compulsion of this court's opinion in Daigle v. Warner (9th Cir. 1973), 490 F.2d 358, the orders and judgment are ordered vacated and the cause is remanded to the district court for reconsideration in the light of *Daigle.*\*

that right by the majority of the *Daigle* panel. Judge Ely adds his thought that if, under Supreme Court authority, a civilian is entitled to the assistance of an attorney in a hearing wherein the risk is no more than minimal confinement, then one in the military service of his country, facing much graver consequences, should be entitled to the same consideration. Judge Trask adheres to his views expressed, concurring and dissenting, in *Daigle.* All members of this panel, however, follow *Daigle* because it is the law of this circuit.